IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

TED WEILL                                                                                              PLAINTIFF

VS.                                                                    CIVIL ACTION NO. 2:05cv402-KS-MTP

KIMBERLY JENKINS                                                                              DEFENDANT

REPORT AND RECOMMENDATION

THIS MATTER is before the court *sua sponte* upon the plaintiff's failure to prosecute and to otherwise comply the court's order [2] of February 14, 2006. Having reviewed the entire record in this matter, the undersigned recommends that this case be dismissed without prejudice.

**Procedural History**

On or about July 8, 2005, plaintiff Ted Weill ("Weill") filed this complaint against defendant Kimberly Jenkins ("Jenkins") pursuant to 42 U.S.C. § 1983. While the complaint references §1983, it is plainly a collection action brought when Jenkins allegedly failed to repay a loan from Weill.

The docket reflecting that plaintiff had failed to serve process upon the defendant or to otherwise prosecute this matter, Magistrate Judge John Roper entered a show cause order [2] on February 14, 2006, directing Weill to serve process on or before March 14, 2006; otherwise, the court would recommend dismissal. In his order Judge Roper noted that plaintiff "has had over six months to properly serve the Defendant."

Plaintiff did not respond to the motion of otherwise demonstrate any cause for further delay. Thus, almost fifteen months after the show cause order was entered – and almost two years after the case was filed – process has not been served. Accordingly, the undersigned recommends that this matter be dismissed without prejudice.

**Legal Analysis**

Pursuant to Federal Rule of Civil Procedure 41(b),[1] a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 630 (1962); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to...clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief...so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash,* 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978)(discussing trial court's rule 41(b) discretionary authority). This case exemplifies the type of inaction that warrants rule 41(b) dismissal.

Additionally, rule 4 of the Federal Rules of Civil Procedure provides: "If service of the summons and complaint is not made upon the defendant within 120 days after the filing of the complaint, the court upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice...." Fed. R. Civ P. 4 (m). As plaintiff has failed to serve process in compliance with the rule after notice by the court that such failure may result in a dismissal, dismissal is appropriate under Federal Rule of Civil Procedure 4 (m).

**Recommendation**

As the plaintiff has failed to serve process or to otherwise prosecute this case, it is the recommendation of this court that this matter be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rules of Civil Procedure 41(b) and 4 (m) .

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the

---

[1] "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."

recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 12th day of June, 2007.

s/ Michael T. Parker
United States Magistrate Judge